UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
and JOHN J. SCHMITT (in his capacity as Trustee),

WISCONSIN LABORERS DISTRICT COUNCIL,

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS PENSION FUND,
WISCONSIN MASONS APPRENTICESHIP
AND TRAINING FUND, BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL PENSION
FUND, INTERNATIONAL MASONS INSTITUTE FUND,
and JEFFREY LECKWEE (in his capacity as Trustee),

BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,

INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFTWORKERS,

            Plaintiffs,

v.                                                                          Case No.  11-cv-613

LAKE COUNTRY MASONRY, INC. and PAUL WELLS,

            Defendants.

ORDER FOR JUDGMENT
AS TO DEFENDANT PAUL WELLS

Request and application for default judgment brought by Wisconsin Laborers District Council, Bricklayers and Allied Craftworkers District Council of Wisconsin, and International Union of Bricklayers and Allied Craftworkers against Defendant Paul Wells in

the above-captioned action were submitted to the Court and filed with the clerk.

The Court, having duly heard all issues and a decision having been duly rendered, orders as follows:

1. Defendant Paul Wells has failed to plead or otherwise defend as provided by Rule 55(a) of the Fed. R. Civ. P.

2. Paul Wells (hereinafter "Wells") violated the Labor-Management Relations Act of 1947, as amended, as well as *Wis. Stats.* §§ 895.446 and 943.20, by failing to pay working dues to the Plaintiffs, Wisconsin Laborers District Council, Bricklayers and Allied Craftworkers District Council of Wisconsin, and International Union of Bricklayers and Allied Craftworkers (hereinafter "Unions"); said dues having been deducted from Lake Country Masonry, Inc.'s employees' paychecks.

3. By his intentional conduct, by virtue of his position as a shareholder, corporate officer, and/or director of Lake Country Masonry, Inc., Wells has retained possession of working dues without the Unions' consent.

4. Wells has intentionally retained working dues with the intent to convert said monies for his own use or for the use of Lake Country Masonry, Inc.

5. By virtue of his intentional conduct, Wells has violated *Wis. Stats.* §§ 895.446 and 943.20, and the Unions are entitled to treble damages and their costs of litigation and investigation pursuant to *Wis. Stats.* § 895.446(3)(b), (c).

6. The Court assesses the total damages, including treble damages and costs, to the Plaintiffs, Wisconsin Laborers District Council, Bricklayers and Allied Craftworkers District Council of Wisconsin, and International Union of Bricklayers and Allied Craftworkers, and against Defendant Paul Wells in the sum of $49,032.24, $12,390.51 of

which is assessed jointly and severally with Defendant Lake Country Masonry, Inc.

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to enter judgment in favor of Plaintiffs, Wisconsin Laborers District Council, Bricklayers and Allied Craftworkers District Council of Wisconsin, and International Union of Bricklayers and Allied Craftworkers, and against Defendant Paul Wells in the amount of $49,032.24 together with interest at the rate allowed by law. Of this judgment, $12,390.51 is due jointly and severally with default judgment against Defendant Lake Country Masonry, Inc.

Dated this 9th day of January, 2012.

BY THE COURT

_____
U. S. District Court Judge